FILED

Daniel G. Eckhart No. 991283
Florida Civil Commitment Ctr.
13619 S.E. Highway 70
Arcadia, Florida 34266

15 AUG 13 PM 1:21

MIDDLE [...] FLORIDA
FT. MYERS, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Ft. MYERS--DIVISION

**CIVIL RIGHTS COMPLAINT FORM**
**RE: FCCC RESIDENTS**
**42  U.S.C. 1983**

2:15-cv-486-FtM-38CM

Daniel Gerald Eckhart
   Plaintiff,

-verses-                                                      CASE
NUMBER:_____

Jacques Lamour
William Price
Jane & John Does
   Defendants.
_____|

1. Comes now Daniel Gerald Eckhart, hereinafter known as the Plaintiff in this matter. The plaintiff is presently Civilly committed and confined at the:
    **Florida Civil Commitment Center**
    **13619 S.E. Highway 70**
    **Arcadia, Florida  3426**

2. The plaintiff so named in this 42 U.S.C. 1983 has received (his) JIMMY RYCE TRIAL which is now known as a CIVIL COMMITMENT HEARING.

3. The court asks of the plaintiff if there are administrative remedies available at the Florida Civil Commitment Center?  The court asks what steps the plaintiff has taken to attempt a remedy-solution to the reported and or alleged violations:
    The plaintiff has in fact exceeded the federal expectations of administrative remedies. The plaintiff has in fact and is supported with hard

1

copy documentation that (he) has filed an FCCC approved grievance which has been review and answered by the administration. In addition to this the plaintiff has in fact dispatched letters to the following expression the nature of the complaint(s) as so defined herein:

>Correct Care Recovery Solutions
>C/O; C.E.O.  Mr. Jerry Boyle
>1283 Old Murfreesboro Road
>Nashville, Tennessee  37211
>&
>Department Of Children & Families
>C/O; Kristin Kanner
>1317 Winewood Blvd.
>Tallahassee, Florida 32399-0700
>&
>GEO CARES
>C/O; C.E.O.  George Zoley
>One Park Place
>621 N.W. 53rd Street  Suite 700
>Boca Raton, Florida  33487

The general consensus from all involved appears that they do not understand the fourteenth amendment of the U.S. Constitution as the defendants seemingly knowingly and with deliberate indifference denied the plaintiff reasonable medical care treatment follow-up and post-op recovery for a serious medical condition. Thereby causing the plaintiff extensive physical and emotional pain and suffering.

The plaintiff has also met with medical staff and the defendants numerous times on this matter at hand and all to no avail. The defendants failure to protect the plaintiff from medical negligence is a valid 1983 claim that they could care less about. The plaintiff in his grievances has been alleging that the defendants and other staff have provided constitutionally inadequate medical care and follow-up recovery tools such as a wheelchair. This is what it is all about. The plaintiff's need for a wheelchair as part of his post op recovery.

The deliberate indifference standard from the eighth amendment should be enough to govern the plaintiffs fourteenth amendment claim as outlined in his letters and grievances in an attempt to resolve this at the institution level.

The defendants choose not to be a part of any pre-court resolution.

The plaintiff also wants to advise this court that the Florida Civil Commitment Center frowns upon residents writing grievances and often retaliate against them and or the person (plaintiff) writing a grievance is called before the clinical team whereupon these staff attempt to intimidate and threaten a grievance writer with actions and or want to know why the grievance writer is not in compliance with the TREATMENT PROGRAM by engaging in **_GRIEVANCE THINKING_**? The defendants believe they are above such actions and that no grievances should be made against them. Thus depriving the plaintiff of his rights to grievances.

4.   PARTIES: The Plaintiff is DANIEL GERALD ECKHART   No. 991283 and the mailing address is; The Florida Civil Commitment Center. 13619 S.E. Highway 70. Arcadia , Florida   34266

Part -B- PARTIES:   Defendant number one is Jacques Lamour who is a duly licensed medical doctor in the state of Florida. He is presently employed at the Florida Civil Commitment Center as the medical doctor for the inmate-resident population. His mailing address is the FLORIDA CIVIL COMMITMENT CENTER 13619 S.E. Highway 70 Arcadia , Florida 34266.

Defendant number two is William Price who is not a medical doctor nor trained in the medical profession but is listed as employed by the Florida Civil Commitment Center as the Health Services Administrator. Defendant Price is the immediate superior for defendant Lamour. His mailing address is the FLORIDA CIVIL COMMITMENT CENTER 13619 S.E. Highway 70 Arcadia , Florida 34266.

Defendant(s) number three--- are listed as Jane and John Does, who are unknown to the plaintiff but may have had an adverse effect on the medical treatment and recovery options that may have in fact caused the plaintiff to suffer from this sideline Jane and John Doe defendants. The plaintiff will with discovery be able to properly identify them and amend his complaint at that time if needed and warranted.

5.   **STATEMENT OF CLAIM:** The Plaintiff states to this court that his rights under the United States Constitution , laws and treaties of the United States have been violated. The issue presented is a singular issue that involves medical needs. **RELIEF CAN BE GRANTED** under the provisions

of the **First , the Eighth , and the Fourteenth amendments.** I" addition to the above relief can be granted under the ***AMERICAN DISABILITIES ACT 42 USC 12101-12213***.

Defendants acting under the color of law as found in MONROE -vs- Pape 365 U.S. 167 (1961)
8th Amendment is for cruel and unusual punishment
Farmer -vs- Bennan   511 U.S. 825 (1994)
Wilson -vs- Seiter 501 U.S. 294 ( 1991)
Barney -vs- Pulsipher 143 F.3d 1299, 1311 ( 10th Cir. 1998 )
Helling -vs- McKinney 509 U.S. 25 (1993 )
Estelle -vs- Gamble   429 U.S. 97 , 103 ( 1996 )
Scott -vs- Benson 742 F.3d 335 ( 8th Cir. 2014 )
Dinkins -vs- CMS 743 F.3d 633 ( 8th Cir. 2014 )
Coleman -vs- Sweetin   745 F.3d 756 ( 5th Cir. 2014 )

The Plaintiff has justified his statement of claim with a notation that the Plaintiff is not an attorney and does not pretend to be one. The plaintiff presents the cites as such to ask the court to understand that he is not an attorney and his interpretation of the amendments and case law maybe just slightly flawed but should not be grounds to deny the 42 U.S.C. 1983.

## STATEMENT OF FACTS
## PART SIX VI

First Claim:

   Defendant(s) Lamour , Price and the Jane and John Does are the subjects of this 42 U.S.C. 1983.

   Plaintiff asserts that under the 42 U.S.C. 1983 it is written that *every person, who , under color of any statute , ordinance , regulation , custom, or usage, of any state or territory or the District Of Columbia , subjects or causes to be subjected , any citizen of the united states or other person within the jurisdiction thereof to the deprivation of any rights , privileges , or immunities secured by the constitution and laws , shall be LIABLE to the party injured in an action at law , suit in equity , or other proper proceedings for redress.* The plaintiff's fourteenth amendment claim is for constitutionally deficient medical care that MUST include follow up recovery.

Without question: The **Defendants** are basically treating the medical needs and the recovery aspects of the **Plaintiff** as if he were *a piece of the institution furniture* or worse as if the plaintiff were *simply a potted plant* that needed little to no care.

For a number of years the plaintiff was confined 24/7 to a wheelchair and due to his medical condition suffered a great deal with physical pain as well as phantoms pains associated with one who has been confined to a wheelchair for very long periods of time. These phantoms pains have also been noted by people who are long time bed ridden patients. In addition to the physical pains the plaintiff has suffered emotional distress as prior to his injury he was very active in sports and in life. Being confined to a wheelchair crippled his active life style.

The defendants did in fact have outside professional medical consultants examine the plaintiff and they made recommendations that included surgery and a long term physical recovery, e.g. physical therapy.
The defendants did in fact after a lot of arm twisting and discussion did in fact allow the plaintiff to undergo surgery denoted as **DECOMPRESSION SURGERY**. That surgery in itself did somewhat **improve the quality of life** for the plaintiff.

Immediately upon returning from the hospital and after a long stay at the infirmary at the Florida Civil Commitment Center the plaintiff began a self designed physical therapy recovery program. The plaintiff has had a number of follow-up consultations with the defendant Lamour. The plaintiff was under the impression that he had a reasonable professional relationship with defendant Lamour. That turned out to be a false assumption.

The plaintiff as part of his personal physical therapy recovery plan spends a lot of time each and every day on his feet moving about the institution with the aid of a wheeled walker. The recovery is going well but the plaintiff has had some set backs and has physically collapsed a number of times while doing everyday physical recovery therapy. Part of this recovery program is that the plaintiff has a **wheelchair** issued to him. He uses the wheelchair as needed. It is a major asset as a recovery tool.

When the plaintiff collapses the wheeled walker is not designed or intended to be used to help the plaintiff get up from the floor and onto his

feet. The wheeled walker is too flimsy and does not fully lock into place allowing the plaintiff to use it to stand up. This is when the wheelchair comes into play. There is a braking system on the wheelchair that allows the plaintiff to lock the wheels and thus the stability of the wheelchair permits the plaintiff to recover from his fall. Thus the wheelchair is a **_vital_** part of the recovery.

Defendant Lamour is adamant that the plaintiff does not need the wheelchair and wants to take said wheelchair away from the plaintiff. The plaintiff disagrees and the loss of the wheelchair will be cruel and unusual punishment. Example being that should the plaintiff collapse/fall in his room it could be near impossible for him to get up and on his feet with only a wheeled walker available to him. In addition to that there are no medical staff assigned to his housing unit and walk by the security staff are irregular. Thus the plaintiff could be on the floor unable to help himself for a long period of time.

The defendants refuse to take into consideration the importance of having the wheelchair and thus want to to remove the therapeutic tool. Thus creating a possible painful and emotional stressful situation for the plaintiff. All of which is totally uncalled for. The defendants do not seem to care about the dedicated hard work the plaintiff has put into his walking about and recovery. In fact the defendants seems to want to hold the plaintiff back. This is in itself cruel and unusual.

## _STATEMENT OF FACTS_
## _Part Six (VI)_

Second Claim:

While the plaintiff was recovering in the infirmary at the Florida Civil Commitment Center under heavy sedation and other medication he was scheduled by his **_CIVIL COMMITMENT_** court for his yearly annual review. There was no possible way that the plaintiff could in fact participate in this annual review. He was in a great deal of pain and as above stated heavily medicated. The defendants including defendant Price failed to informed the court when they called for a telephonic hearing that the plaintiff was just out of the hospital and medicated. The defendants in fact made it appear to the Civil Commitment Court that the plaintiff had refused to participate in

his annual review. This was not true at any level. The plaintiff was just not physically able to effectively be a part of his annual review. It should be pointed out that the plaintiff as allowed by the civil commitment court is acting as his own counsel.

Due to the negligence of the defendants the civil commitment court believing that the plaintiff had refused to participate declined to review the plaintiff civil commitment for the year and thus left the plaintiff in limbo for another year of civil incarceration.
Upon release from the infirmary the plaintiff had to file a motion for a rehearing in the civil commitment court and was later granted a hearing for August 11th 2015.
The plaintiff was denied due process by the defendants who misled that court as to his medical condition(s) and why the plaintiff was not available for his annual review. Absolutely uncalled for: ***Oppression Under The Color of Law***.

## RELIEF REQUESTED
### Part Seven (VII)

The plaintiff is not a vindictive civil prisoner at the Florida Civil Commitment Center. He is by all institutional standards a model civil prisoner. He has never received any disciplinary actions. He is involved in the mandatory treatment program.

The plaintiff strives only to improve **his quality of life** by dedicated hard work in his recovery. He wants to walk without the need of a wheeled walker or a wheelchair. This is a long term recovery and he works on it every day.

The plaintiff seeks from the court as part of his **RELIEF REQUESTED** that the defendants be so ordered to allow the plaintiff to keep and maintain his wheelchair until such a time that the plaintiff is strong enough to walk without fear of collapsing. The plaintiff seeks such an order from this court for approximately eighteen (18) months. During that time should the recovery be working well then the plaintiff would in fact return the wheelchair to medical of his own accord. But until then the plaintiff seeks relief of a order for the eighteen(18) months to keep the wheelchair.

As to the **RELIEF REQUESTED** for the second claim the plaintiff seeks that

the defendants be so ordered to write official letters to the plaintiffs civil commitment judge explaining that the plaintiff did not refuse to participate in his annual review but was just returning from the hospital and medicated.

Further as to the Claims in section one and second two the plaintiff seeks a jury trial for damages in the amount of $ 15,000.00 to compensate him for the unnecessary pain and suffering and emotional distress caused by the defendants over such a petty issue of repossessing the plaintiffs wheelchair. Plaintiff seeks a trial by jury for damages.

*I Daniel G. Eckhart, the above named plaintiff in this matter do hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief:*

Dated this _9th_ day of _August_ 2015 at the Florida Civil Commitment Center.

Signature: _Daniel G. Eckhart_
DANIEL G. ECKHART
Plaintiff in pro-se